Gustave Schwarz, Appellant, *v.* George P. Robbins, Respondent.

*Motion for a change of venue — an affidavit that "deponent knows from conversations had with the witnesses that they have personal knowledge of the transactions," etc., is sufficient.*

An affidavit, used upon a motion to change the place of trial of an action for the convenience of witnesses, in which the moving party states that he expects to prove certain facts by each of the witnesses named and that the "deponent knows from conversations had with the witnesses that they have personal knowledge of the transactions and facts above mentioned and verily believes that they will so testify," is a sufficient basis for the motion.

Van Brunt, P. J., and Patterson, J., dissented.

APPEAL by the plaintiff, Gustave Schwarz, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 24th day of January, 1901, removing the action from the City Court of New York to the Supreme Court, and changing the place of trial of the action to Westchester county for the convenience of witnesses.

*J. Campbell Thompson,* for the appellant.

*Howard A. Taylor,* for the respondent.

Ingraham, J.:

This action was commenced in the City Court to recover $600, the amount agreed to be paid for a horse alleged to have been sold by the plaintiff to the defendant. The defendant resides in the county of Westchester; the plaintiff is the proprietor of a sales stable situated in the city of New Rochelle, which is also in Westchester county, but resides in the county of New York. This horse was delivered from the plaintiff's stable in New Rochelle to the defendant; and the material question is as to the terms of the agreement under which the horse was delivered, the plaintiff claiming that there was a sale of the horse, the defendant alleging that the horse was left with him for trial upon the express understanding that he would assume absolutely no responsibility for the horse. The defendant moved to remove the action into the Supreme Court and change the place of trial to Westchester county, upon the ground of the convenience of witnesses. The affidavit upon which the motion

was made names several persons who resided in Westchester county and who are material witnesses for the defendant. The affidavit states what he expects to prove by each of the witnesses named, and that the " deponent knows from conversations had with the witnesses that they have personal knowledge of the transactions and facts above mentioned and verily believes that they will so testify." The plaintiff, in answer to this affidavit, states that " the horse was sold in the borough of Manhattan, county of New York," and then states that on a day named, after a fair and reasonable trial of said horse, the defendant promised and agreed to pay him therefor the sum of $600; and he gives the names of several witnesses whom he says he will call, but there is no statement as to what those witnesses will swear to, and nothing to contradict the statement in the defendant's affidavit as to the materiality of the testimony to be given by the witnesses named by the defendant.

The objection most insisted upon is that in the affidavit of the defendant the only statement as to the facts which the witnesses named by him would testify to is, that he expects to prove these facts by the witnesses named. We think, however, that this is sufficient when coupled with a statement that the " deponent knows from conversations had with the witnesses that they have personal knowledge of the transactions and facts above mentioned, and verily believes that they will so testify." It is difficult to see how he could say anything more than that he had conversations with the witnesses, who had informed him of the facts that they would testify to, detailing such facts, from which it would appear that the testimony will be material upon the trial. All that a party to an action can know of the testimony that a witness will give is from the statements that the witness has made as to the facts within his knowledge. This affidavit states the facts which the deponent expects to prove, and that his expectation is based upon statements made by the witnesses.

It would also appear that the case can be tried more expeditiously in Westchester county than in New York; that the defendant resides there, and that the witnesses who appear to be material reside there; and we see no reason for interfering with the discretion of the court below in changing the place of trial.

It follows that the order appealed from must be affirmed, with ten dollars costs and disbursements.

RUMSEY and HATCH, JJ., concurred; VAN BRUNT, P. J., and PATTERSON, J., dissented.

VAN BRUNT, P. J. (dissenting):

We dissent. The papers upon which the motion was made were entirely insufficient.

PATTERSON, J., concurred.

Order affirmed, with ten dollars costs and disbursements.